UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:18-cr-0141-JMS-DML |
| | ) | |
| KENNETH TRISLER, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On January 20, 2022, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 23, 2020.  Defendant Trisler appeared in person with his appointed counsel Joseph Cleary.  The government appeared by Tiffany Preston, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant Trisler of his rights and provided him with a copy of the petition.  Defendant Trisler orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant   admitted violation numbers 1, 2, 3, 4, 5, and 6.  [Docket No. 47.]

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall maintain lawful full time employment unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."** |

On July 15, 2020, the probation officer spoke to the offender's team leader, a representative from Geodis Logistics, who indicated Mr. Trisler was scheduled to work on July 14, 2020, but texted his team leader stating he was unable to report. Subsequently, on July 15, 2020, and July 16, 2020, he was a no show/no call for work.

| | |
|---|---|
| 2 | **"You must refrain from any unlawful use of a controlled substance."** |

On May 29, July 2, and 15, 2020, the offender submitted urine samples at Volunteers of America. The samples were tested by the Redwood Toxicology Laboratory and were positive for marijuana.

A sample collected by the probation officer on June 26, 2020, was negative. A subsequent sample collected by the probation officer on July 10, 2020, was also positive for marijuana.

On July 10, 2020, the offender was confronted by the probation officer regarding positive urine sample results. He denied knowingly using marijuana in May, but said he smoked an unknown substance he believed to be a cigarette before his release from imprisonment on May 29, 2020. Additionally, he admitted to smoking marijuana "a few days" prior to the 4th of July holiday.

| | |
|---|---|
| 3 | **"You must comply with the requirements of the Sex Offender Registration and Notification Act as described by the probation officer, the Bureau of Prisons, or any state sex offender registration agency int eh location where you reside, work, are student, or were convicted of a qualifying offense."** |

On July 20, 2020, Mr. Trisler was charged in the Hendricks County, Indiana, Superior Court 2 with Counts 1 and 2, Failure to Register as a Sex or Violent Offender, felony offenses.

The offender began employment at Geodis Logistics on approximately June 5, 2020. As the workplace is located in Plainfield, Indiana, whereas Mr. Trisler was residing in Marion County, Indiana, he is required by law to register in both jurisdictions. As such, he was instructed by the probation officer to report to the Hendricks County Sheriff's Office to

register.

According to the Probable Cause Affidavit, the offender failed to report to the Hendricks County Sheriff's Office to update the registry with his employment information within 72 hours of beginning the job. As of July 16, 2020, he had not registered in Hendricks County.

4    **"You must not commit another federal, state, or local crime."**

As indicated above, two counts of Failure to Register as a Sex or Violent Offender were filed against Mr. Trisler on July 20, 2020. The charges are pending under cause number 32D02-2007-FD-000075.

5    **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program."**

Mr. Trisler was referred by the probation officer to the Sandra Eskenazi Mental Health Center (Eskenazi) to receive mental health treatment services. During various conversations with the probation officer between June 1, 2020, and July 17, 2020, he informed the probation officer he was either in the process of completing the intake process at Eskenzi and/or had received a treatment service. Specifically, he told the probation officer he had sessions at Eskenazi on May 27, 2020, and July 13, 2020. However, on July 17, 2020, the probation officer spoke to someone from Eskenazi and learned the offender had an intake session on June 3, 2020, but he subsequently failed to report as scheduled on June 9, 2020, and June 11, 2020. There was no record of him having contact with the agency since that time.

6    **"You shall answer truthfully the inquires by the probation officer, subject to your 5th Amendment privilege."**

On July 17, 2020, Mr. Trisler was confronted by the probation officer as it related to his failure to participate in a mental health treatment program. He admitted he had been lying to the probation officer about his participation in treatment.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is VI.

   (c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

 5. The parties jointly recommended a sentence of eighteen (18) months with no supervised release to follow. Defendant requested placement at USP Marion.

 The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The Magistrate Judge will make a recommendation of placement at USP Marion. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

 The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 1/21/2022

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system